OPINION OF THE COURT
Stanley B. Katz, J.
Defendant Norman Roy Grutman has moved for an order sealing the motion papers and documents in this case.
Plaintiff Burton N. Pugach claims that he was libeled in a book, Lawyers & Thieves, written by defendant Grutman and published by Simon and Schuster. Pugach also claims that *895 Grutman libeled him on the Steve Kane Show which was televised by the American Broadcasting Company. In October 1990, Pugach, Grutman, Bill Thomas (another author of Lawyers & Thieves), and Simon and Schuster entered into a settlement agreement whereby the publisher paid Pugach $15,000 in return for a release. (The scope of the release is a matter of dispute.) Paragraph (3) of the settlement agreement provides that it is to be kept confidential. Grutman believes that he inadvertently violated paragraph (3) by including a copy of the settlement agreement in a motion to dismiss.
Part 216 of the Uniform Rules for Trial Courts (22 NYCRR part 216), effective March 1, 1991, provides in relevant extent: "Section 216.1. Sealing of court records, (a) Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard.”
Grutman did not show that there is good cause for the sealing of the records in this case. The settlement agreement is of a type routinely entered into, and the court cannot discern how its disclosure would cause substantial prejudice to any party. Moreover, the confidentiality clause has already been violated because Grutman served Capital Cities, Inc. and the American Broadcasting Company, nonsignatories to the agreement, with a copy of the motion papers that included the document.
Accordingly, the motion is denied.